# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

Guillermina Mastache, individually and on behalf of herself )
and all other similarly situated persons, known and unknown, )
)
                                               Plaintiff. )
    v. )
)
East Side Services LLC, Lorena Munoz, and )
  Francisco Salazar, )
                                              Defendants. )

## CLASS ACTION COMPLAINT

**Now comes** Plaintiff Guillermina Mastache, individually and on behalf of herself and all other similarly situated persons, known and unknown ("Plaintiff"), by attorneys, Daniel I. Schlade and James M. Dore/Dore Law Offices LLC, and complains against Defendants East Side Services LLC ("East Side"), Lorena Munoz, and Francisco Salazar, (all defendants are cumulatively referred to as "Defendants") and in support of this Complaint, states:

### Introduction and Parties

1.     This class action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law (820 ILCS 105/1, *et seq*) ("IMWL") for Defendants' failure to pay overtime wages owed.

2.  Plaintiff Guillermina Mastache is a resident of Cook County, Illinois; she was formerly employed by Defendants; Plaintiff's FLSA collective action consent form(s) are attached hereto as Exhibit A.

3. Defendant East Side is an Illinois limited liability company in the business of providing labor and employment services in Cook County, Illinois; during relevant periods, upon information and belief, employed in excess of 40 different employees.

4. Defendant Lorena Munoz is a manager and, upon information and belief, an owner of East Side. On information and belief, s/he is a resident of Cook County, Illinois.

5. Defendant Francisco Salazar is a manager and, upon information and belief, an owner of East Side. On information and belief, s/he is a resident of Cook County, Illinois.

**Jurisdiction And Venue**

6. The Court possesses subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question). The Court possesses supplemental jurisdiction over the state law IMWL claim pursuant to 28 U.S.C. § 1367, because the claim is so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy, and arise out of the same underlying facts and transactions, under Article III of the United States Constitution.

7. Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook or Lake County, Illinois; and on information and belief, all parties to this lawsuit are residents of Cook County, Illinois.

**Facts Common To All Claims**

8. At all relevant times, Plaintiff Guillermina Mastache was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff does not fall into any of the exceptions or exemptions

for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

9. Defendant East Side is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, as it is a privately-owned for-profit entity.

10. Defendant Lorena Munoz is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss at East Side ; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

11. Defendant Francisco Salazar is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss at East Side ; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

12. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) based on the following facts:

>(i) Defendant East Side provides custodial staff, including Plaintiff, to an Amazon Distribution Facility located at 1455 W. Shure Drive, Arlington Heights, Illinois (the "Amazon Facility"). This Amazon Facility distributes products manufactured and sold outside the state of Illinois to Illinois residents;

(ii) Defendant East Side supplies its custodial staff to the Amazon Facility seven days per week, fifty two weeks per year. The Wages paid to East Side employees for this work exceeds $550,000 per year; and the revenue and business income generated by this staff also exceeds $550,000 per year.

## Class and Collective Allegations

13. Plaintiff brings Counts 1 of this Complaint as a collective action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

14. Plaintiff will seek to certify, as a class action pursuant to Fed. R. Civ. P. Rule 23, the state law claim for Illinois-mandated minimum wages and overtime wages arising under the IMWL. Plaintiff will ask this Honorable Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the Class.

15. Plaintiff brings Count 1 as a collective action pursuant to 29 U.S.C. § 216(b), and Count 2 of this Complaint as a class action pursuant to Fed. R. Civ. P. Rule 23 because:

> A. The class of current and former employees of Defendants that Plaintiff seeks to represent is so numerous and exeeds forty (40) individuals, that joinder of all class members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff personally witnessed East Side employee approximately twenty employees at all times during which Plaintiff was employed that were subjected to the same employment practices as her. In addition, Plaintiff witnessed a constant and frequent turnover of employees at East Side, such that the total number of employees subjected to East Side's failure to pay overtime exceeded forty (40) individuals.
>
> B. The class representative and the class members have been similarly affected by Defendants' failure to pay wages, minimum wages and overtime wages; and they have each been denied time-and-a-half pay for all hours worked in excess of forty (40) hours per week
>
> C. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

D. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members, rendering a class action as superior to other available methods for fairly and efficiently adjudicating the controversy. These common questions of law and fact include, without limitation, whether:

   i.  Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

   ii. Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the FLSA Class Period;

E. The class representative suffered the same or similar injury as the class members arising out of the same conduct by Defendants, and the claims of the class representative are typical of the claims of the class, to wit: Defendants failed to pay Plaintiff and members of the class time-and-a-half wages for all of their hours worked in excess of forty (40) hours per week; and Defendants have a commonality of interest in the subject matter and remedy sought.

F. The class representative is able to fairly and adequately represent and protect the interests of the class, because she is a member of the putative class, and she has the same or similar injury as other members of the class, to wit, the failure to receive time-and-a-half wages for all hours worked in excess of forty (40) hours per week.

G. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendants. Accordingly, a class action is necessary for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

H. The Defendants' books and records are material to Plaintiffs' action because they may disclose certain information about the hours worked by each employee and the rate of pay for that work.

I. Defendants violated the IMWL and the FLSA by refusing to compensate Plaintiff and the members of the class in a manner consistent with the minimum wage and overtime provisions of these laws.

16. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## Count 1 – Violation(s) of FLSA

17. Plaintiff Mastache reincorporates by reference Paragraphs 1 through 16, as if set forth in full herein for Paragraph 17.

18. Plaintiff Mastache began working at Defendant East Side in or about November 2020, and her last day of work was in or about March 2021.

19. At all times, Plaintiff Mastache worked in maintenance and cleaning for Defendants.

20. Plaintiff Mastache did not receive tips in her role in maintenance and cleaning.

21. Throughout her employment, with the exception of two weeks and described below, Plaintiff Mastache worked an average of fifty-six (56) hours per work week as an employee for Defendants.

22. For one week (total of 7 days) of Plaintiff Mastache 's employment, she worked double shifts, 16 hours per day, for a total of 112 hours in one week.

23. While employed by Defendants, Plaintiff was paid $13.00 for each hour worked and was paid on a weekly basis.

24. Plaintiff Mastache's and the Class's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

25. Throughout the course of his/her employment with Defendants, and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff Mastache and the Class to work in excess of forty (40) hours per week, and Plaintiff Mastache and the Class did in fact work in excess of forty-hours for work weeks.

26. Defendants did not pay Plaintiff Mastache and the Class not less than one and a half (1.5) times the mandated regular rate at which they were employed during the hours worked in excess of forty (40) hours per week.

27. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff Mastache's and the proposed Class's time worked; and Defendants' failure and refusal to pay proper overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

28. Plaintiff and the Class are entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.

**WHEREFORE**, Plaintiff Mastache and the Class of other similarly situated persons respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. Enter a judgment pursuant to 29 U.S.C. § 207 in the amount of any unpaid time-and-one-half pay for hours worked in excess of forty hours per week, owed to Plaintiff and similarly situated employees of Defendants joined in this matter as a collective action;

C. Award liquidated damages in an amount equal to unpaid minimum wages and unpaid time-and-one-half pay pursuant to 29 U.S.C. § 216;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count 2 – Violation of IMWL**

29. Plaintiff Mastache reincorporates by reference Paragraphs 1 through 28, as if set forth in full herein for Paragraph 29.

30. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

31. Defendants directed Plaintiff Mastache and the Class Members to work as employees, but they were not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

32. Plaintiff Mastache and the Class was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks, including time-and-one-half pay for all hours worked in excess of forty (40) hours per week.

33. Defendants did not pay Plaintiff Mastache and the Class the Illinois-mandated minimum wage for all hours worked in individual work weeks.

33. Defendants' failure to pay Plaintiff Mastache and the Class the Illinois-mandated time-and-one-half pay for all hours worked in excess of forty (40) hours per week is a violation of the IMWL.

34. Pursuant to 820 ILCS 105/12(a), Plaintiff Mastache and the Class are entitled to recover unpaid overtime for all hours worked in excess of forty (40) hours per week for

three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Mastache and the Class of other similarly situated persons respectfully requests that the Court:

A. Determine that this action may be maintained as a class action pursuant to the IMWL and Federal Rule of Civil Procedure 23;

B. Enter a judgment for all unpaid overtime worked by Plaintiff and members of the class for hours worked in excess of forty hours per week for the the three years preceding the filing of this lawsuit;

C. Award Statutory damages for Plaintiff and the Class, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

D. Declare that Defendants have violated the IMWL;

E. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

F. Grant such additional or alternative relief as this Honorable Court deems just and proper.

s/   James M. Dore

**James M. Dore/ Dore Law Offices LLC (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
134 N. LaSalle, Suite 1208; Chicago, IL 60602
P: 312-726-8401
E: james@dorelawoffices.com; jmdore70@sbcglobal.net
danschlade@gmail.com

**Plaintiff(s) and the Class Members request trial by jury for all counts where allowed.**