UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUILLERMINA MASTACHE, | |
| Plaintiff, | No. 21 C 2511 |
| v. | Judge Thomas M. Durkin |
| EAST SIDE SERVICES, LLC, LORENA MUNOZ, AND FRANCISCO SALAZAR, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Plaintiff Guillermina Mastache brought this action against defendants East Side Services, Lorena Munoz, and Francisco Salazar on May 10, 2021, alleging she is entitled to overtime wages pursuant to the Fair Labor Standards Act and Illinois Minimum Wage Law. The defendants failed to respond to the complaint, and Mastache moved for default on July 22, 2021. The Court entered the default on July 28, 2021. On August 23, 2021, Mastache moved for entry of default judgment, which was entered on August 27, 2021 in the amount of $15,910.20. Currently before the Court is the defendants' motion to vacate the default judgment.

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment for "any reason that justifies relief," including mistake or excusable neglect. A motion for such relief must be made within a reasonable time, no more than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c). In the Seventh Circuit, "in order to have a default judgment vacated, the moving party must demonstrate: (1) good cause for the default; (2) quick action to correct it; and (3) a

meritorious defense to the complaint." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). The decision to vacate a default judgment is within the Court's discretion. The Seventh Circuit has stated that district courts have "considerable latitude," or "discretion piled upon discretion" in making decisions under Rule 60. *Wehrs*, 688 F.3d at 890. Further, courts disfavor defaults because they result in a case not being heard on the merits. *North Central Illinois Laborers District Council v. S.J. Groves & Sons*, 842 F.2d 164, 167 (7th Cir. 1988).

Here, there is good cause to vacate the default. The defendants all contend that they did not receive notice of the motion for default or default judgment. They argue the plaintiff served them notice at addresses the plaintiff knew to be ineffective. There is no evidence they intentionally or recklessly tried to evade responsibility for this case. Rather, the parties apparently learned of the complaints and never received word of anything further in the case because of some confusion as to where they should be served. Although the parties appear to have known there was a complaint filed against them and could have checked the docket periodically, the failure to do so was excusable, as they acted with diligence upon learning of the default judgment.

On October 15, 2021, when they discovered the default judgment entry, the defendants promptly retained counsel and filed the instant petition for relief on October 29, 2021. This is a quick, diligent response and is further evidence that the defendants did not intend to evade their potential responsibility in the proceedings. Moreover, the defendants have raised a defense which, if successful, could potentially be meritorious, arguing that the Fair Labor Standards Act does not apply to the

parties' relationship because Mastache was an independent contractor rather than an employee. The defendants have thus met the Rule 60 requirements for obtaining relief from the Court's default judgment.

The Court therefore grants the petition for relief from judgement and vacates the default judgment entered on August 27, 2021. The parties are to file a joint status report by July 7, 2022, proposing a discovery schedule for the case going forward.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 22, 2022